# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JAMES LOCKARD, on behalf of himself and all others similarly situated,<br><br>                              **Plaintiff**,<br><br>v.<br><br>EYM KING OF KANSAS LLC and EYM GROUP, INC.,<br><br>                              **Defendants.** | Civil Action No. |

## **COMPLAINT**

Plaintiff James Lockard, on behalf of himself and all those similarly situated, by and through counsel of record, hereby states and alleges as follows for his cause of action against Defendants EYM King of Kansas LLC and EYM Group, Inc.:

    1.      The Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") was designed to eliminate "labor conditions detrimental to the maintenance of minimum standard of living necessary for health, efficiency and general well-being of workers…." 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets minimum wage and overtime requirements for covered employees. 29 U.S.C. §§ 206(a) and 207(a).

    2.      This action seeks redress against EYM King of Kansas LLC and EYM Group, Inc. arising from unlawful wage practices in their Burger King restaurants. Defendants fail and refuse to pay proper overtime compensation to nonexempt employees. As a result, Defendants are liable to all for unpaid wages, liquidated damages, and for the attorneys fees and costs of this action.

3. Plaintiff James Lockard resides in Kansas City, Kansas, and was employed by Defendants in several locations throughout the state of Kansas. Plaintiff's Consent to Join this lawsuit is filed contemporaneously herewith as Exhibit A.

4. The Collective Action Plaintiffs include "All current and former hourly employees of EYM King of Kansas LLC and EYM Group, Inc., whose timecards were altered and/or who were not paid overtime premium pay for overtime hours."

5. At all times relevant, Plaintiff and the Collective Action Plaintiffs were individual employees performing work in commerce or in the production of goods for commerce.

6. Defendant EYM King of Kansas LLC is a foreign limited liability corporation that may be served through its registered agent Corporation Service Company, 2900 SW Wanamaker Drive, Suite 204, Topeka, Kansas 66614.

7. Defendant EYM Group, Inc. is a foreign corporation that can be served through its registered agent Corporation Service Company d/b/a CSC-Lawyers Incorporating Service, 211 7th Street, Suite 620, Austin, Texas 78701-3128.

8. Defendants are joint employers.

9. Defendant EYM Group manages Defendant EYM King.

10. Defendant EYM Group personnel manage EYM King personnel.

11. Defendant EYM Group sets payroll policies for Defendant EYM King.

12. Defendant EYM Group maintains employment records about Defendant EYM King's employees.

13. In the three years preceding the filing of this Complaint, Defendants have had at least $500,000.00 in gross annual receipts, and Defendants regularly engage in interstate commerce and/or in the production of goods (fast food) for commerce.

14. At all relevant times, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce.

15. This Court has original federal question jurisdiction under 28 U.S.C. § 1331.

16. The United States District Court for the District of Kansas has personal jurisdiction over Defendants because Defendants have systematic and continuous business operations in this Judicial District.

17. Venue is proper in the United States District Court for the District of Kansas because a substantial portion of the events forming the basis of the suit occurred in this District.

18. Defendants hired Plaintiff in September of 2016.

19. Plaintiff was hired by Defendants' prior district manager named Tammy Young.

20. Since his hiring, Plaintiff has worked at least four different Defendants' Burger King franchise locations in Bonner Springs, Olathe and Lenexa, Kansas.

21. Defendants suffered or permitted Plaintiff and the Collective Action Plaintiffs to work at their restaurants.

22. Defendants compensated the Plaintiff and the Collective Action Plaintiffs with an hourly rate of compensation.

23. Plaintiff and the Collective Action Plaintiffs regularly worked more than 40 hours per workweek.

24. Often these hours worked by Plaintiff and the Collective Action Plaintiffs were spread over multiple locations.

25. Plaintiff has raised these issues pled herein with general manager(s), payroll managers, district managers including Adam Baker and director(s) of operations Jamey Simpson (formerly) and Tim Roumas (currently).

26. Despite these reports to Defendants' management, the improperly paid wages continue.

27. Adam Baker has admitted his role in this practice and acknowledged to Plaintiff that he, too has had his paychecks altered and pay shorted by Defendants.

28. Plaintiff is in possess of documents that depict that Defendants' employees have had their time clock paperwork and data overridden and modified by Jamey Simpson, Adam Baker and Cheryl Little, general manager of the 11919 S. Strangline Road, Olathe, Kansas location.

29. Plaintiff has spoken with over a dozen of his coworkers and Defendants' employees that have confirmed that they are not being properly paid for the hours they have worked.

30. On Monday, March 20, 2017, Defendants, through director of operations Jamey Simpson, tried to bribe and keep Plaintiff quiet about the issues pled herein with a $100.00 bribe.

31. The FLSA requires each covered employer, such as Defendants, to compensate all nonexempt employees at a rate of not less than one and one half times the regular rate of pay for all hours worked in excess of forty hours in a workweek.

32. Defendants did not properly pay any overtime premium pay to Plaintiff for overtime work.

33. Plaintiff was required to perform work without receiving all wages due and owing pursuant to the FLSA.

34. Defendants' unlawful payroll practices are uniformly applied to Collective Action Plaintiffs.

35. Defendants' unlawful policies and practices resulted in Defendants' employees receiving less than all wages owed under the FLSA and significant delays when wages are paid.

36. The unlawful practices complained of are willful.

37. The number and identity of the Collective Action Plaintiffs may be determined from the records of Defendants, and must be notified of their right to file a consent to join this litigation.

38. Plaintiff brings this Complaint as a collective action pursuant to 29 U.S.C. § 216(b) of the FLSA, on behalf of all persons who were, are, or will be employed by the Defendants as similarly situated employees within the three-year period preceding the commencement of this action who have not been compensated for all hours worked at the applicable wage rates and/or whose time cards were shaved.

39. Plaintiff, on behalf of himself and all the Collective Action Plaintiffs, seek unpaid wages, liquidated damages, attorney fees, costs, and expenses of this action, to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

Wherefore, Plaintiff James Lockard on behalf of himself and the Collective Action Plaintiffs, prays for relief as follows:

a. Prompt issuance of notice of this action to all Collective Action Plaintiffs, as permitted by 29 U.S.C. § 216(b) and governing case law;

b. Designation of Plaintiff James Lockard as Representative Plaintiff of the Collective Action Plaintiffs;

c. Designation of Plaintiffs' counsel, Sean McGivern and A. Scott Waddell as counsel for the Collective Action Plaintiffs;

d. An award of damages due to the Plaintiff and the Collective Action Plaintiffs, to be paid by Defendants;

f. An award of liquidated damages due to the Plaintiff and the Collective Action Plaintiffs, to be paid by Defendants;

g. Pre-Judgment and Post-Judgment Interest as provided by law;

h. Plaintiff's Costs and expenses of this action incurred herein including expert fees;

i. Reasonable attorneys' fees; and

j. Any and all such other and further relief as the Court deems necessary, just and proper.

**Plaintiff demands trial by jury.**

**Plaintiff designates Kansas City, Kansas as the place of trial.**

Dated: March 29, 2017.

Submitted by:

/s Sean McGivern
Sean M. McGivern, #22932
Nathan R. Elliott, #24657
GRAYBILL & HAZLEWOOD, LLC
218 N. Mosley Street
Wichita, KS 67202
316.266.4058 (Telephone)
316.462.5566 (Facsimile)
sean@graybillhazlewood.com
nathan@graybillhazlewood.com

and

A. Scott Waddell, #20955
WADDELL LAW FIRM LLC
2600 Grand, Suite 580
Kansas City, Missouri 64108
816.914.5365 (Telephone)
816.817.8500 (Facsimile)
scott@aswlawfirm.com
*Attorneys for Plaintiffs*